DEED ELKINS v. THE STATE.

No. 2892. Decided May 3, 1905.

**Assault With Intent to Commit Rape—Charge of Court.**

A charge upon impeaching testimony, that the same was to be considered by the jury for the sole purpose of enabling them to judge of the weight to be given the testimony of the witness so impeached is error, where the credibility of such witness is made the issue by the impeaching witnesses.

Appeal from the District Court of Guadalupe. Tried below before Hon. M. Kennon.

Appeal from a conviction of aggravated assault; penalty, confinement in the county jail for one year.

The opinion states the case.

*Dibrell & Mosheim,* for appellant.—The object of impeaching testimony is to disprove and falsify the testimony of the witness sought to be impeached, and a charge in a criminal case which limits the purpose of such impeaching evidence to the weight to be given the testimony of the witness so impeached is error. It is not a compliance with the law to tell the jury, as did the court's charge in this case, that the impeaching evidence is to be considered by the jury, for what they may think it worth, for the sole purpose of enabling them to judge of the weight to be given the testimony of the impeached witness. Howard v. State, 25 Texas Crim. App., 686; Ledbetter v. State, 35 Texas Crim. Rep., 195; Hart Winn v. State, 34 Texas Crim. Rep., 37; Cline v. State, 33 Texas Crim. Rep., 482.

*Howard Martin,* Assistant Attorney-General for the State.

DAVIDSON, PRESIDING JUDGE.—In regard to the impeachment of the prosecuting witness, the court thus instructed the jury: "A witness may be impeached by showing that she has made other and different statements out of court or upon a former judicial investigation of the facts, from those made before you on the trial. Such impeaching evidence is to be considered by you for what you may think it worth for the sole purpose of enabling you to judge of the weight to be given the testimony of the witness so impeached." The prosecutrix was contradicted by several witnesses in regard to her testimony on the trial. The charge was assault with intent to commit rape, and the conviction was for aggravated assault. Among other things prosecutrix testified that while she and appellant were in the buggy, he choked her and undertook to pull up her clothes. The witness Denman, deputy sheriff, testified that while he was at her residence, in connection with other officers, he asked prosecutrix pointedly the question as to whether defendant attempted to raise her skirts; and further, whether he put his hands be-

low her waist, and she answered in the negative. He then asked her if appellant put his hands below her waist, and made an attempt to raise her skirts, and this she answered in the negative. Huggins and Gregory and a part of prosecutrix's family were present during a portion of the conversation. Huggins testified he was constable, and heard the conversation between Denman and prosecutrix, and corroborates Denman. Judge Greenwood testified in regard to her testimony before him on the habeas corpus proceeding, that she said nothing during that trial in regard to appellant having choked her. In regard to her skirts, she stated that appellant threw his arm around her, and put his hand on her bosom, and then down there (pointing about her knee) and she knocked it off. After the county attorney asked a number of questions, she was further asked if she had stated all that defendant did to her, and she replied in the affirmative, that nothing was said about her having been choked. This constitutes substantially the contradictory evidence. The question raised is, the insufficiency of this charge, in that it limits the effect of the impeaching testimony simply to the weight the jury might attach to the evidence of the prosecutrix; that this is not a sufficient presentation of the law in as much as the impeachment of the witness is legally for the purpose of affecting her credibility. We believe this contention is correct. Our statute has made a difference between the credibility of witnesses and the weight to be given their testimony, and the difference between these propositions is readily perceivable. The jury are the exclusive judges of the credibility of the witnesses, and the weight to be given their testimony. A charge omitting that phase of the law with reference to the credibility of the witnesses, would not be a compliance with the statute when charging on the law of the case generally. The impeachment is for the purpose of affecting the credibility of the witnesses: in other words, introduced for the purpose of inducing the jury to believe that the witness impeached has testified falsely. We are of opinion that whenever the testimony of the State's witnesses is attacked as in this case, the charge should be given as contended by appellant. Where testimony of the witnesses for the defense is attacked, a charge like that given by the trial court in this case might not be held to be such error as required a reversal, because it might not be injurious. But the charge here given withdraws from the jury that phase of the law which authorized them to consider the impeachment of a witness as affecting her credibility. Such is the law in this State.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*